IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KIARI SWAIN  #312-546 | * | |
| Plaintiff | * | |
| v. | * | Civil Action Case No. DKC-11-2623 |
| COLIN OTTEY, MD, et al. | * | |
| Defendants | * | |
| | *** | |

## MEMORANDUM OPINION

The court construed Kiari Swain's (Swain) claims of inadequate medical treatment as a request for emergency injunctive relief and ordered counsel to file a show cause response. Counsel for Defendants, Colin Ottey, M.D., Greg Flury, P.A., Carla Buck, R.N., Monica Methany, R.N. Steven Bray, R.N. Michele Schultz, R.N. Dawn Hawk, R.N., Angela Africa, L.P.N., Kelly Flinchman, L.P. N., R. Skidmore, ADON, Vikki Ward, L.P.N., Renea Bittner, L.P.N, and Lisa Schindler, P.A., has responded. ECF NoS. 3, 5, and 9.  For the following reasons, the court finds that emergency injunctive relief is unwarranted and will be denied.  Swain will be granted twenty-eight days to inform this court whether he wants to supplement and continue to pursue his claims or withdraw his case from further consideration.

## BACKGROUND

### A.  Plaintiff's Claims

Swain brings this suit under §1983, alleging that Defendants have denied him adequate medical care and were deliberately indifferent to his serious medical needs.  He claims that since August 27, 2010, he has experienced a rash and swelling on his genitalia that cause him to be unable to void.  He complains that he never received the required follow up consultation with the surgeon for needed surgery. He further indicates through his Complaint that his symptoms have been inadequately treated or ignored and have subsequently worsened to emergency proportions.

### B. Defendants' Response

Defendants have submitted Kiari's medical records with their response. The records show that Kiari is receiving ongoing medical care for his recurring urological condition which has at various times improved and then worsened. Efforts to treat the condition include medication, catherization, a urological consultation, surgery, and admissions to the prison infirmary for observation and treatment. Defendants dispute Swain's claim that he was denied post-surgery follow-up with his surgeon. They state that Swain's "own actions sidetracked the appointment and he was subsequently placed under close observation instead." Def. Resp. p. 6, Ex. B275-277 Swain, who has a history of mental health concerns, attempted suicide by hanging. Since October 6, 2011, Swain has been receiving medication for his reoccurring symptoms, a course of treatment prescribed by Dr. Ottey after conferring with Swain's surgeon. Swain will be observed for symptoms as he begins the new medication. He will be watched for one month.

### DISCUSSION

A preliminary injunction is an extraordinary and drastic remedy. *See Munaf v. Geren*, 553 U.S. 674, 689-90 (2008). To obtain a preliminary injunction, a movant must demonstrate: 1) that he is likely to succeed on the merits; 2) that he is likely to suffer irreparable harm in the absence of preliminary relief; 3) that the balance of equities tips in his favor; and 4) that an injunction is in the public interest. *See Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008); *The Real Truth About Obama, Inc. v. Federal Election Commission*, 575 F.3d 342, 346 (4th Cir. 2009), vacated on other grounds, _U.S. _, 130 S.Ct. 2371, 176 (2010), reinstated in relevant part on remand, 607 F.3d 355 (4th Cir. 2010) (per curiam).

Under the circumstances presented here, Swain has not shown the likelihood of irreparable injury in the absence of emergency injunctive relief. He is receiving medical treatment prescribed

by his surgeon and a prison physician. Swain remains under observation by medical providers who will monitor his symptoms. There is no cause for emergency injunctive relief.

## CONCLUSION

For these reasons, the court will deny emergency injunctive relief and grant Swain twenty-eight days to inform the court in writing whether he wants to supplement and continue to pursue his claims or withdraw this case from further consideration.[1]  Swain is cautioned that failure to notify the court of his intentions within this time may result in dismissal of the case. A separate Order follows.


Date:    October 21, 2011                                        /s/
                                                DEBORAH K. CHASANOW
                                                United States District Judge

---

[1] Swain will be provided a prisoner civil rights complaint form for use in the event he wants to supplement his complaint and continue this action. Swain's motion to proceed in forma pauperis will be dismissed as moot because he has already paid the filing fee.

3